UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT R. MATTHEWS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 25-1770 (UNA) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on initial review of plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2, and *pro se* complaint, ECF No. 1. The Court will grant the application and dismiss the complaint without prejudice.

Complaints filed by *pro se* litigants are held to "less stringent standards" than those applied to pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. FED. R. CIV. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). In addition, Rule 8(d) states that "[e]ach allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). "Taken together, [those provisions] underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (cleaned up). The Rule 8 standard ensures that defendants receive fair notice of

the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of res judicata applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff cites Section 508 of the Rehabilitation Act of 1973, pursuant to which the federal government "shall ensure, unless an undue burden would be imposed on the department or agency, that the electronic and information technology allows, regardless of the type of medium of the technology[,] . . . individuals with disabilities who are members of the public seeking information or services from a Federal department or agency to have access to and use of information and data that is comparable to the access to and use of the information and data by such members of the public who are not individuals with disabilities," 29 U.S.C. § 794d(a)(1)(A)(ii). He alleges that the U.S. Department of Homeland Security, notwithstanding its responsibility "for protecting the United States against communications or cybersecurity threats[,] . . . fails to . . . to prevent and stop insider threats," Compl. at 2, such that "communication technology . . . data signals have been compromised," *id*. at 3. Although plaintiff has reported this to "multiple police jurisdictions and the Federal Bureau of Investigation," *id*., "disruption of inaccessibility [has continued] for 3,666 days and nights," *id*.

As drafted, the complaint fails to meet the minimal pleading standard set forth in Rule 8(a). Plaintiff invokes a statute pertaining to disabled individuals' access to government information, yet it is not clear that plaintiff is disabled or has been harmed because he has not been able to access or use government information. Nor is it clear whether and how Section 508 is relevant to complaints plaintiff allegedly made to police and the FBI. The complaint lacks sufficient facts to put defendant on notice of the claim(s) against it, and there is no demand for

relief. The Court, therefore, will dismiss the complaint without prejudice. A separate order will issue.

DATE: June 18, 2025

/s/
AMIT P. MEHTA
United States District Judge